IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **LESTER J. SMITH, JR.,**  *Plaintiff*,  v.  **Warden CLINTON PERRY,** *et al.*,  *Defendants.* | **CIVIL ACTION NO. 5:22-cv-00044-TES-TQL** |

**ORDER DENYING PLAINTIFF'S MOTION FOR RECUSAL**

Plaintiff Lester J. Smith, Jr., a prisoner who is presently incarcerated at Macon State Prison in Oglethorpe, Georgia, has filed a motion seeking recusal of the undersigned in this case. [Doc. 77]. For the following reasons, the Court **DENIES** Plaintiff's recusal motion [*Id.*].

Plaintiff primarily argues that he "will not receive fair, and just proceedings with Judge Self presiding over this case," because undersigned has demonstrated bias and prejudice towards Plaintiff. [Doc. 77, p. 1]. He also argues that the undersigned has "turned a blind eye" to the physical harm—"possibly death"—that plaintiff faced from Defendants in this case. [*Id.*]. Finally, Plaintiff states that the undersigned could have cited Federal Rule of Civil Procedure 8 instead of Rule 7 to accept Plaintiff's "critical filings of a [*sic*] urgent, and exigent circumstances." [*Id.*].

Plaintiff attached a letter to his motion in which he seeks assistance from the SCHR (assumingly the Southern Center for Human Rights) as well as the United States Department of Justice. [Doc. 77-1]. In the letter, Plaintiff again alleges that the undersigned has "turn[ed] a blind eye" or "ignored" evidence of violence, murders, and "rogue prison officials" presented in various documents Plaintiff has provided to the Court. [*Id.* at 1]. He specifically references the Court's May 10, 2022 Order [Doc. 56] adopting the United States Magistrate Judge's Report and Recommendation and denying a variety of motions filed by Defendant.[1] [Doc. 77-1, p. 1]. He then makes more generalized arguments that federal and state courts should join with the Georgia Department of Corrections to curb violence within prisons, stating "[t]he Eleventh Circuit as a whole needs new, and competent justices that are in accord to all other circuits." [*Id.* at 2].

Plaintiff's primary complaint seems to be that he believes the undersigned is biased and prejudiced towards him and apparently relies on 28 U.S.C. § 455 subsection (a) or subsection (b)(1). [*See* Doc. 77, p. 1 (citing "the recuse statute")]. That statute generally provides that a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The statute also

---

[1] Besides denying a variety of motions Defendant filed, the Court stated: "To the extent that Plaintiff asks for blank subpoena forms, his Motion is **GRANTED**." [Doc. 56, p. 8]. The Order also stated: "[T]he Court **GRANTS** Plaintiff limited leave to file an amended complaint that complies with the Federal Rules of Civil Procedure," with additional instructions. [Doc. 56, p. 32].

enumerates certain other circumstances requiring a judge to disqualify himself. 28 U.S.C. § 455(b)(1)–(5).

The standard under subsection (a) is objective and requires the Court to ask "whether an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain significant doubt about the judge's impartiality." *U.S. v. Patti*, 337 F.3d 1317, 1321 (11th Cir. 2003) (internal quotation marks omitted) (quoting *Parker v. Connors Steel Co.*, 855 F.2d 1510, 1524 (11th Cir.1988)). In the Eleventh Circuit, "it is well settled that the allegation of bias must show that the bias is personal as distinguished from judicial in nature." *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) (internal quotation marks and citation omitted) (per curiam). As a result, "a judge's rulings in the same or a related case are not a sufficient basis for recusal," except in rare circumstances where the previous proceedings demonstrate pervasive bias and prejudice. *Id.*; *see also Liteky v. U.S.*, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality recusal motion."); *McWhorter v. City of Birmingham*, 906 F.2d 674, 678 (11th Cir. 1990) ("[The bias] must derive from something other than that which the judge learned by participating in the case."). In this case, Plaintiff has not pointed to any specific facts showing that any sort of extrajudicial bias existed, nor has Plaintiff demonstrated that the Court's rulings exhibit "such a high degree of . . . antagonism as to make fair judgment impossible" or that any judge involved in his case in this district have a bias

toward Plaintiff "so extreme as to display clear inability to render fair judgment." *See Liteky*, 510 U.S. at 551, 555. It is clear that "[r]epeated rulings against a litigant, no matter how erroneous and how vigorously and consistently expressed, are not a basis for disqualification of a judge on the grounds of bias and prejudice." *See Maret v. U.S.*, 332 F. Supp. 324, 326 (E.D. Mo. 1971). Plaintiff's contention that the undersigned has demonstrated bias and prejudice towards him is simply incorrect.

The standard under 28 U.S.C. § 455(b)(1) requires disqualification where the judge "has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding[.]" "Recusal under this subsection is mandatory, because 'the potential for conflicts of interest are readily apparent.'" *Patti*, 337 F.3d at 1321 (quoting *Murray v. Scott*, 253 F.3d 1308, 1312 (11th Cir. 2001)). Again, Plaintiff has failed to establish any personal or pervasive bias on the part of the undersigned, and Plaintiff also fails to identify any specific "disputed evidentiary facts" of which the Court might have knowledge. Any knowledge gained through the course of a judicial proceeding is not a "disputed evidentiary fact" that requires recusal. *U.S. v. Bailey*, 175 F.3d 966, 969 (11th Cir. 1999) (per curiam). Instead, knowledge of disputed evidentiary facts must be gained through an extrajudicial source to warrant recusal. *See id.* Plaintiff has not asserted that such knowledge exists here.

In sum, Plaintiff's contentions that the undersigned has not ruled in his favor are not alone sufficient to merit recusal, and Plaintiff has also failed to show that the Court

harbors the type of pervasive bias or prejudice against Plaintiff that would otherwise require recusal. Thus, the Court **DENIES** Plaintiff's motion for recusal. [Doc. 77].

    **SO ORDERED**, this 15th day of September, 2022.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**
