IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **LESTER J SMITH, JR,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **CIVIL ACTION** |
| v. | : | **No. 5:22-CV-44 (CAR)** |
| | : | |
| **WARDEN CLINTON PERRY,** *et al.*, | : | |
| | : | |
| **Defendants.** | : | |
| | : | |

## ORDER ON PLAINTIFF'S MOTION TO RENEW PRIOR FILINGS

Before the Court is *pro se* Plaintiff Lester Smith's Motion to Renew Prior Filings [Doc. 135]. In his Motion, Plaintiff requests the Court conduct a "*de novo* review" and attempts to renew various motions [Docs. 36, 41, 48, 50, 58, and 76]. The Court broadly construes Plaintiff's Motion to renew prior filings as a motion for reconsideration. For the reasons discussed, Plaintiff failed to show he is entitled to reconsideration, and his Motion is **DENIED**.

## STANDARD OF REVIEW

Rule 59(e) of the Federal Rules of Civil Procedure authorizes district courts, upon motion, to alter or amend a judgment.[1] Local Rule 7.6 cautions that "[m]otions for reconsideration shall not be filed as a matter of routine practice."[2] "[I]t is well-settled

---

[1] Fed. R. Civ. P. 59(e).
[2] M.D. Ga., L.R. 7.6.

1

that motions for reconsideration are disfavored and that relief under rule 59(e) is an extraordinary remedy to be employed sparingly."[3] Accordingly, the Court should only grant these motions in three limited circumstances: (1) there has been an intervening change in controlling law; (2) new evidence has been discovered; or (3) reconsideration is needed to correct clear error or prevent manifest injustice.[4] A motion for reconsideration cannot be used "to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment."[5] Ultimately, "[w]hether to grant a motion for reconsideration is within the sound discretion of the district court."[6]

## DISCUSSION

Plaintiff seeks to renew various motions including Plaintiff's motion for a temporary restraining order, motion for a preliminary injunction, motion to appoint counsel, motion for a protective order, motion to cease retaliation, motion to compel, and second motion for a preliminary injunction.[7] Each of Plaintiff's Motions was previously denied.[8]

Plaintiff fails to provide any legitimate reason he is entitled to reconsideration. In the Motion, Plaintiff contends over seven murders occurred since the denial of his

---

[3] *Krstic v. Princess Cruise Lines, Ltd. (Cor)*, 706 F.Supp.2d 1271, 1282 (S.D. Fla. 2010) (internal quotation marks omitted).
[4] *Ctr. for Biological Diversity v. Hamilton*, 385 F.Supp.2d 1330, 1337 (N.D. Ga. 2005).
[5] *Michael Linet, Inc. v. Village of Wellington*, 408 F.3d 757, 763 (11th Cir. 2005).
[6] *Hankerson v. Drew*, No. 1:13–cv–1790–WSD, 2014 WL 2808218, at *3 (N.D. Ga. June 20, 2014) (citing *Region 8 Forest Serv. Timber Purchasers Council v. Alcock,* 993 F.2d 800, 805-806 (11th Cir. 1993)).
[7] *See generally,* [Docs. 36, 41, 48, 50, 58, 76].
[8] Orders Denying Plaintiff's Motions, [Docs. 56, 88].

previous motions, and the staff at Macon State Prison failed to report various incidents of violence and fires started by inmates.[9] These allegations alone are insufficient to warrant the reconsideration of Plaintiff's six previously denied motions. Additionally, each Motion Plaintiff now seeks reconsideration of is related to his confinement in Macon State Prison. But Plaintiff has since been relocated to Valdosta State Prison.[10]

"[A] motion for reconsideration does not provide an opportunity to simply reargue an issue the Court has once determined. Court opinions are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure."[11] The Court considered each of Plaintiff's previously filed motions and rejected his arguments. Here, there has been no intervening change in controlling law; Plaintiff's Motion presented no new evidence other than unsubstantiated allegations; and reconsideration is not needed to correct clear error or prevent manifest injustice. The Court will not grant reconsideration to relitigate already decided matters and finds that the disfavored and extraordinary remedy of relief under Rule 59(e) is unwarranted. Thus, Plaintiff's Motion [Doc. 135] is **DENIED**.

**SO ORDERED**, this 5th day of May, 2023.

s/ C. Ashley Royal_____  
C. ASHLEY ROYAL, SENIOR JUDGE  
UNITED STATES DISTRICT COURT

---

[9] Plaintiff's Motion for Reconsideration, [Doc. 135].
[10] Plaintiff's Letter Regarding Change of Address, [Doc. 134].
[11] *Am. Ass'n of People with Disabilities v. Hood*, 278 F.Supp.2d 1337, 1340 (M.D. Fla. 2003) (internal citations and quotation marks omitted).