# THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| **LESTER J. SMITH, JR.,** : | |
| : | |
| **Plaintiff,** : | Civil Action |
| : | No. 5:22-cv-44 (CAR) (TQL) |
| **v.** : | |
| : | |
| **Deputy Warden PETER EADY,** *et al.*, : | |
| : | |
| **Defendants.** : | |
| _____ | |

## ORDER ON PLAINTIFF'S CONSTRUED MOTION FOR RECONSIDERATION

Currently before the Court is Plaintiff Lester Smith's Response to Defendant's Motion for Summary Judgment, which the Court **CONSTRUES** as a Motion for Reconsideration under Federal Rule of Civil Procedure 59(e). For the reasons discussed below, Plaintiff's Motion [Doc. 186] is **DENIED**.

Plaintiff filed suit alleging claims for deliberate indifference to safety, excessive force, deliberate indifference to serious medical needs, and unconstitutional conditions of confinement under 42 U.S.C. § 1983. On September 14, 2023, Defendants moved for summary judgment based on Plaintiff's failure to exhaust his administrative remedies. The deadline for Plaintiff to respond to Defendants' Motion for Summary Judgment was originally November 20, 2023, which he failed to meet. On April 3, 2024, the United States Magistrate Judge recommended Defendants' Motion for Summary Judgment be

1

granted.[1] On May 22, 2024, Plaintiff objected to the Magistrate Judge's Report and Recommendation.[2] Plaintiff then moved for discovery Defendants had previously failed to produce.[3] On June 10, 2024, the Magistrate Judge ordered Defendants to serve Plaintiff with outstanding discovery responses and extended the deadline for Plaintiff to respond to the Motion for Summary Judgment.[4] On June 25, 2024, the Magistrate Judge further extended Plaintiff's deadline to respond until July 22, 2024.[5] Plaintiff did not timely respond.

On August 19, 2024, this Court adopted the Magistrate Judge's Report and Recommendation to dismiss Plaintiff's Complaint without prejudice for failure to exhaust his administrative remedies, and Judgment was entered.[6] On September 6, 2024, over two weeks after Judgment was entered and one-and-a-half months after the response deadline, Plaintiff filed his Response.[7] Thus, because Plaintiff's Response was filed within 28 days after the entry of judgment, the Court construes the Response as a Motion for Reconsideration under Rule 59(e).

---

[1] Report and Recommendation of the United States Magistrate Judge [Doc. 167]. The Court treated the Motion for Summary Judgment as a motion to dismiss under Rule 12 because it was based on the exhaustion defense. *See Brooks v. Warden*, 706 F. App'x 965, 968 n.3 (11th Cir. 2017).
[2] Objection to the Report and Recommendation of the United States Magistrate Judge [Doc. 169].
[3] Plaintiff's Rule 60(b) Motion [Doc. 170].
[4] Magistrate Judge's Order [Doc. 174].
[5] Text Order [Doc. 177].
[6] Order Adopting Report and Recommendation of the United States Magistrate Judge [Doc. 184]; Judgment [Doc. 185].
[7] Response to Defendants' Motion for Summary Judgment [Doc. 186].

Rule 59(e) of the Federal Rules of Civil Procedure authorizes district courts, upon motion, to alter or amend a judgment.[8] Local Rule 7.6 cautions that "[m]otions for reconsideration shall not be filed as a matter of routine practice."[9] "[I]t is well-settled that motions for reconsideration are disfavored and that relief under Rule 59(e) is an extraordinary remedy to be employed sparingly."[10] Accordingly, the Court should only grant these motions in three limited circumstances: (1) there has been an intervening change in controlling law; (2) new evidence has been discovered; or (3) reconsideration is needed to correct clear error or prevent manifest injustice.[11] A motion for reconsideration cannot be used "to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment."[12] Ultimately, whether to grant a motion for reconsideration is within "the sound discretion" of the district court.[13]

Plaintiff fails to demonstrate a change in controlling law, new evidence, or clear error. Rather, Plaintiff submits numerous documents that are already in the record, and other documents concerning the grievance procedure itself, discovery issues, and the merits of his underlying claims. Plaintiff does not include any new information related to

---

[8] Fed. R. Civ. P. 59(e).
[9] M.D. Ga., L.R. 7.6.
[10] *Krstic v. Princess Cruise Lines, Ltd.*, 706 F. Supp. 2d 1271, 1282 (S.D. Fla. 2010) (internal quotation marks omitted).
[11] *Ctr. for Biological Diversity v. Hamilton*, 385 F. Supp. 2d 1330, 1337 (N.D. Ga. 2005).
[12] *Michael Linet, Inc. v. Village of Wellington*, 408 F.3d 757, 763 (11th Cir. 2005).
[13] *Region 8 Forest Serv. Timber Purchasers Council v. Alcock,* 993 F.2d 800, 805-806 (11th Cir. 1993).

the exhaustion of his claims. Thus, the Court finds no reason to reconsider its earlier Order dismissing Plaintiff's Complaint without prejudice. Therefore, Plaintiff's Response, construed as a Motion for Reconsideration [Doc. 186] is **DENIED**.

    **SO ORDERED,** this 9th day of October, 2024.

                                                      s/ C. Ashley Royal_____
                                                      C. ASHLEY ROYAL, SENIOR JUDGE
                                                      UNITED STATES DISTRICT COURT