# THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| **LESTER J. SMITH, JR.,** : | |
| : | |
| **Plaintiff,** : | **Civil Action** |
| : | **No. 5:22-cv-44 (CAR) (ALS)** |
| **v.** : | |
| : | |
| **Deputy Warden PETER EADY,** *et al.*, : | |
| : | |
| **Defendants.** : | |
| _____ | |

## ORDER ON PLAINTIFF'S RULE 60(B) MOTION

Currently before the Court is *pro se* Plaintiff Lester Smith's Rule 60(b)(6) Motion seeking relief from the Court's Judgment in favor of Defendants. For the reasons explained below, the Motion [Doc. 188] is **DENIED**.

On August 19, 2024, this Court adopted the Magistrate Judge's Recommendation to grant Defendants' Motion for Summary Judgment and dismiss Plaintiff's Complaint without prejudice for failure to exhaust his administrative remedies, and Judgment for Defendants was entered.[1] On September 6, 2024, Plaintiff filed his untimely response to Defendants' Motion for Summary Judgment.[2] The Court construed this untimely Response as a Motion for Reconsideration under Rule 59(e) and denied it for failing to

---

[1] Order Adopting Report and Recommendation of the United States Magistrate Judge [Doc. 184]; Judgment [Doc. 185].

[2] Response to Defendants' Motion for Summary Judgment [Doc. 186].

1

demonstrate a change in controlling law, new evidence, or clear error.[3]

Plaintiff now moves for relief under Federal Rule of Civil Procedure 60(b)(4)–(6), arguing the Court should vacate its prior Judgment because of a United States Department of Justice ("DOJ") Report finding conditions in Georgia prisons violate the Constitution and a contempt order issued against the Georgia Department of Corrections in another case.[4] Plaintiff argues Judgment should be void because this DOJ report and its findings were not available while this case was pending. The Court disagrees.

Fed. R. Civ. P. 60(b) provides:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . .; (3) fraud . . . misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged . . .; or (6) any other reason justifying relief from the operation of the judgment.

"Under Rule 60(b)(6), a court may grant relief for 'any other reason justifying relief from the operation of judgment.' '[R]elief under this clause is an extraordinary remedy which may be invoked only upon a showing of exceptional circumstances.'"[5] "Indeed, in order to prevail under Rule 60(b), a petitioner 'must do more than show that a grant of [his] motion might have been warranted . . . [he] must demonstrate a justification for relief so

---

[3] Order Denying Construed Motion for Reconsideration [Doc. 187]; *see also Ctr. for Biological Diversity v. Hamilton*, 385 F. Supp. 2d 1330, 1337 (N.D. Ga. 2005).

[4] *See* Plaintiff's Rule 60(b) Motion [Doc. 188 at 3]; *Gumm v. Jacobs, et al.*, No. 5:15-cv-41-MTT, Revised Contempt Order [Doc. 485].

[5] *Crapp v. City of Miami Beach*, 242 F.3d 1017, 1020 (11th Cir. 2001) (citations omitted).

compelling that the district court [i]s *required* to grant [his] motion.'"[6]

This Court dismissed Plaintiff's case without prejudice because he failed to exhaust his administrative remedies. Although Plaintiff points to the report's findings of "inmate violence" and "inhumane living conditions" generally, he does not explain how the findings in the report relate to his failure to exhaust his administrative remedies. As explained in the Court's Order adopting the Magistrate Judge's Recommendation, under Eleventh Circuit Court of Appeals precedent, a prisoner must identify specific facts showing that officials prohibited or blocked his use of the grievance process.[7] Plaintiff has failed to do so, and his references to this DOJ report and the behavior of the Georgia Department of Corrections in other cases are insufficient to demonstrate a sufficiently "compelling" justification for relief.[8] Thus, Plaintiff's Rule 60(b) Motion [Doc. 188] is **DENIED**.

**SO ORDERED,** this 24th day of April, 2025.

s/ C. Ashley Royal_____<br>
C. ASHLEY ROYAL, SENIOR JUDGE<br>
UNITED STATES DISTRICT COURT

---

[6] *Mitchell v. Miller*, No. 4:99-cv-80 (HL), 2007 WL 1183896, at *1 (M.D. Ga. Apr. 19, 2007) (citations omitted).

[7] *See Miller v. Tanner*, 196 F.3d 1190, 1194 (11th Cir. 1999); *Turner v. Burnside*, 541 F.3d 1077, 1085 (11th Cir. 2008).

[8] *See Rice v. Ford Motor Co.*, 88 F.3d 914, 919 (11th Cir. 1996).